UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADDIE KILLAM;<br><br>     **Plaintiff,**<br><br>vs.<br><br>SEATTLE CENTER CORPORATION, PACIFIC NORTHWEST BALLET ASSOCIATION, AND SEATTLE OPERA (dba "THE MARION OLIVER MCCAW HALL OPERATING BOARD"), AND EACH OF THEM,<br><br>     **Defendants.** | No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

The Plaintiff alleges as follows:

## I.  PARTIES

1.1 Addie Killam is the Plaintiff in this action. Plaintiff is a resident of King County, Washington, which is in this judicial district.

1.2. Plaintiff is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. She uses a wheelchair and a modified vehicle for transportation, and she requires accessible parking and an accessible route to be able to patronize

**COMPLAINT** - Page 1 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

places of public accommodation. Further, in order to be able to patronize an assembly area such as McCaw Hall she requires accessible and companion seating.

1.3. Plaintiff resides in Burien, Washington, and travels to Seattle multiple times a week for shopping, dining, entertainment, and social engagements as well as throughout the year for medical visits.

1.4. McCaw Hall is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

1.5. McCaw Hall is owned by the City of Seattle and operated by Seattle Center, in accordance with a unique 25-year Operating Agreement with its resident tenants, the Pacific Northwest Ballet and the Seattle Opera (doing business as "the Marion Oliver McCaw Hall Operating Board"). Seattle, Washington, Ordinance 121206 (2003).

1.6. Defendants are Washington based corporations operating under agreement to use and manage McCaw Hall.

## II.   JURISDICTION AND VENUE

2.1. This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)-(4), and 28 U.S.C. § 1367.

2.2 Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that give rise to the Plaintiff's complaint are occurring in this judicial district.

## III.   OVERVIEW

3.1 Twenty-six years after the passage of the ADA, Defendant discriminates against individuals with disabilities who have mobility impairments. The Defendant operates McCaw

COMPLAINT - Page 2 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

Hall in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment to facility services and amenities.

3.2   The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the concert venue that the Defendant owns and operates, from providing individuals with disabilities with separate or unequal benefits and services. The Defendant is one example of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carri Becker, Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

3.3   Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

3.4   Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." Id.

3.5   Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." Id.

COMPLAINT - Page 3 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.6     Defendant's theater, McCaw Hall is located in the heart of the Seattle Center at 321 Mercer St, Seattle, WA 98109 ("McCaw") and is a place of public accommodation.

3.7     Plaintiff recently attempted to purchase tickets to McCaw Hall to attend a Lindsey Sterling concert.

3.8     Plaintiff encountered a number of barriers to access to tickets for McCaw Hall. Plaintiff was offered access to presale tickets for the concert through a promotion from Showbox Presents on Thursday, July 14, 2016. She then filled out a special accessible ticket request form. However she discovered that she was not allowed to take advantage of the same presale offering as other members of the public, due to her disability. Rather than being allowed to purchase tickets for accessible seating using the presale process online, Plaintiff was required to fill out the separate accessible ticket request form used only for disabled patrons, and correspond via email in order to purchase tickets. Because the process required only for disabled patrons took additional time, Plaintiff lost the benefit of the presale that other members of the public were able to access. Plaintiff was not able to purchase tickets. Defendant's conduct through Ticketmaster has denied Plaintiff equal access to its concert hall, and discriminates against her on the basis of her disability.

3.9     Defendant fails to provide sufficient accessible seats, and also failed to provide the three contiguous companion seats requested by Plaintiff in violation of applicable standards under the ADA and WLAD.

3.10    During her attempts to utilize the presale plaintiff was told multiple times that accessible tickets are only available in pairs. A review of the seating chart appears to indicate that all accessible and companion tickets are designated in pairs.

COMPLAINT - Page 4 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.11 Based on information and belief, McCaw has an insufficient number of accessible and companion seats and that these seats are not distributed throughout every section. There appear to be a total of 22 combined accessible and companion seats. No accessible and companion seats appear to be located in the Orchestra Front section. This is a violation of § 4.1.3(19)(a) of the 1991 ADA Standards.

3.12 Plaintiff has patronized McCaw Hall in the past and she intends to patronize the venue again in to the future after the concert in question, because McCaw is one of the premier concert venues in the City of Seattle.

## IV. CAUSES OF ACTION

**A. Violation of Title III of the ADA**

4.1 Defendant's practices alleged herein violate Plaintiff's rights under the ADA, and constitute discrimination on the basis of Plaintiff's disability, in violation of the ADA.

4.2 Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

4.3 Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

4.4 Defendant operates McCaw Hall in Washington.

4.5 McCaw Hall is a place of public accommodation. 42 U.S.C. § 12181(7)(B).

4.6 At all times relevant to this action, Plaintiff has been a qualified individual with a disability within the meaning of the ADA. 42 U.S.C. § 12102.

COMPLAINT - Page 5 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

4.7   Defendant has discriminated against Plaintiff on the basis of disability. Defendant's discriminatory conduct includes but is not limited to:

 a.   Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

 b.   Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of McCaw Hall to individuals with disabilities.

4.8   Defendant's discriminatory conduct has caused harm to Plaintiff and will, unless enjoined, continue to cause harm to Plaintiff.

4.9   Plaintiff is entitled under the ADA to monetary damages, declaratory and injunctive relief, and reasonable costs and attorneys' fees.  42 U.S.C. § 12188, 42 U.S.C. § 12205.

**B.   Violation of the WLAD**

4.10   Defendant's practices alleged herein violate Plaintiff's rights under the WLAD, by denying her full and equal enjoyment of the Defendant's place of public accommodation, as described herein.

4.11   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

4.12   Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

4.13   The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability…is recognized as and declared to be a civil right.  This right shall include, but not be limited to: … (b) The right to the full enjoyment of any of the

COMPLAINT - Page 6 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…."

4.14     McCaw Hall is a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

4.15     Plaintiff is an individual with a disability within the scope of the Washington Law Against Discrimination.

4.16     Plaintiff is informed, believes, and thereon alleges that Defendant and its agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiff full and equal access to McCaw Hall and for the reasons set forth above, including violating the ADA.

4.17     Plaintiff is informed, believes, and thereon alleges that Defendant and its agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiffs full and equal access to its "place of public resort, accommodation, assemblage, or amusement…"

4.18     Defendant's actions constitute discrimination against Plaintiff and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Plaintiff is being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides.

4.19     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate inaccessibility at McCaw Hall.   These failures have denied Plaintiff the full and

CARNEY GILLESPIE ISITT PLLP
315 5TH AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

equal enjoyment of the events held at this venue that the Washington Law Against Discrimination requires.

4.20   Because Plaintiff have a clear legal right to access McCaw Hall, has a well-grounded fear of immediate invasion of that right, and has been actually injured as a result of Defendant's conduct as alleged herein, declaratory and injunctive relief are appropriate remedies. See *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000).

4.21   Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

## V.   PRAYER FOR RELIEF

Having stated her claims against Defendant, Plaintiff prays for the following relief:

5.1   Judgment against Defendant for compensatory damages in an amount to be proven at trial;

5.2   Injunctive relief to correct the practices of the Defendant that violate the ADA and WLAD;

5.3   An award of reasonable attorneys' fees and costs incurred in bringing this action.

Dated:  September 14, 2016.

COUNSEL FOR PLAINTIFF:

**WASHINGTON CIVIL AND DISABILITY ADVOCATE**

/S/Conrad Reynoldson
Conrad Reynoldson, WSBA # 48187

**COMPLAINT** - Page 8 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1  4421 51st Ave NE
Seattle, WA 98105-4932
2  (206) 855-3134
Conrad.wacda@gmail.com

3

4  **CARNEY GILLESPIE ISITT PLLP**

5

6  /S/Christopher Carney
Christopher Carney, WSBA No. 30325
315 5th Ave S, Suite 860
7  Seattle, Washington 98104
(206) 445-0212
8  Christopher.Carney@CGILaw.com

**COMPLAINT** - Page 9 of 9

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486