UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **ADDIE KILLAM AND TERRY DIZARD;**<br><br>　　　　　　**Plaintiffs,**<br>　vs.<br><br>**CITY OF SEATTLE, TICKETMASTER, LLC, LIVE NATION WORLDWIDE, INC., AND AEG PRESENTS NW, LLC**<br><br>　　　　　　**Defendants.** | No. 16-CV-01455-TSZ<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

The Plaintiffs allege as follows:

## I.   PARTIES

1.1   Addie Killam is a Plaintiff in this action. Plaintiff Killam is a resident of King County, Washington, which is in this judicial district.

1.2   Plaintiff Killam is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. She uses a wheelchair and a modified vehicle for transportation, and her disability affects the major life activity of walking. She requires accessible parking and an accessible route to be able to patronize places of public

SECOND AMENDED COMPLAINT - Page 1 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

accommodation. Further, in order to be able to patronize an assembly area such as McCaw Hall she requires accessible and companion seating.

1.3     Plaintiff Killam resides in Burien, Washington, and travels to Seattle multiple times a week for shopping, dining, entertainment, and social engagements as well as throughout the year for medical visits.

1.4     Terry Dizard is a Plaintiff in this action.  Plaintiff Dizard is a resident of King County, Washington, which is in this judicial district.  Plaintiff Dizard lives in Bothell, Washington, and visits Seattle regularly for dining and entertainment, as well as for work.

1.5     Plaintiff Dizard is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq.  He uses a powered wheelchair and an accessible van for transportation, and his disability affects the major life activity of walking. He requires accessible parking and an accessible route to be able to patronize places of public accommodation. Further, in order to be able to patronize an assembly area such as McCaw Hall he requires accessible and companion seating.

1.6     McCaw Hall is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

1.7     McCaw Hall is owned by the City of Seattle and operated by the Seattle Center Foundation.

1.8     Defendant City of Seattle is a municipal corporation within the State of Washington.

1.9     Defendant Seattle Center Foundation is a Washington based corporation.

1.10    Defendant Ticketmaster, LLC is a limited liability company formed in Virginia.

SECOND AMENDED COMPLAINT - Page 2 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1.11    Defendant Ticketmaster, LLC has contracted with the City of Seattle to sell tickets for McCaw Hall for certain events including the concert in this action.

1.12    Defendant Ticketmaster, LLC operates a website that offered presale options for purchasing tickets for McCaw Hall for certain events including the concert in this action.

1.13    Defendant Live Nation Worldwide, Inc. is a Delaware corporation affiliated with Ticketmaster, LLC as having ownership interest.

1.14    Defendant AEG Presents NW, LLC (formerly "AEG Live Productions, LLC") is a Delaware corporation.

1.15    Defendant AEG Presents NW, LLC is the production company for Live Nation.

## II.    JURISDICTION AND VENUE

2.1    This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)-(4), and 28 U.S.C. § 1367.

2.2    Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that give rise to the Plaintiff's complaint are occurring in this judicial district.

## III.    OVERVIEW

3.1    Twenty seven years after the passage of the ADA, Defendants discriminate against individuals with disabilities who have mobility impairments. The Defendants operates McCaw Hall and their ticket sales website in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment to facility services and amenities.

SECOND AMENDED COMPLAINT - Page 3 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.2     The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the concert venue which Defendant City of Seattle owns and operates, from providing individuals with disabilities with separate or unequal benefits and services. This case is one example of countless places of public accommodation which have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carri Becker, Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

3.3     Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

3.4     Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." Id.

3.5     Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." Id.

SECOND AMENDED COMPLAINT - Page 4 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.6    Defendant City of Seattle's theater, McCaw Hall, is located in the heart of the Seattle Center at 321 Mercer St, Seattle, WA 98109 ("McCaw") and is a place of public accommodation.

3.7    Defendant Ticketmaster's ticket sales website for McCaw Hall located on www.ticketmaster.com is a place of public accommodation.

3.8    Both Plaintiffs attempted to purchase tickets to McCaw Hall to attend a Lindsey Sterling concert.

3.9    Plaintiff Killam encountered a number of barriers to access to tickets for McCaw Hall.  Plaintiff Killam was offered access to presale tickets for the concert through a promotion from Showbox Presents on Thursday, July 14, 2016. She then filled out a special accessible ticket request form.  However, Plaintiff Killam discovered that she was not allowed to take advantage of the same presale offering as other members of the public, due to her disability. Rather than being allowed to purchase tickets for accessible seating using the presale process online, Plaintiff Killam was required to fill out the separate accessible ticket request form used only for disabled patrons and correspond via email in order to purchase tickets.  Because the process required only for disabled patrons took additional time, Plaintiff Killam lost the benefit of the presale that other members of the public were able to access.  Plaintiff Killam was not able to purchase tickets.  Defendants' conduct through Ticketmaster has denied Plaintiff Killam equal access to its concert hall and discriminates against her on the basis of her disability.

3.10    Defendant City of Seattle fails to provide sufficient accessible seats, and also failed to provide the three contiguous companion seats requested by Plaintiff Killam in violation of applicable standards under the ADA and WLAD.

SECOND AMENDED COMPLAINT - Page 5 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.11    During her attempts to utilize the presale Plaintiff Killam was told multiple times that accessible tickets are only available in pairs. A review of the seating chart appears to indicate that all accessible and companion tickets are designated in pairs.

3.12    Plaintiff Killam has patronized McCaw Hall in the past and attended the venue again on October 4, 2017.

3.13    Plaintiff Dizard received the same offer for advance ticket sales that Plaintiff Killam received, and had a similar discriminatory experience when attempting to purchase tickets. He discovered that accessible tickets were not available for presale online, so he called and waited on hold for approximately 90 minutes, finally reaching a staff member who told him that accessible seating was not available during presale offers. Plaintiff Dizard was told he would have to call back the next day to purchase accessible tickets. When he called back the next day, he was given different instructions, requiring that he try to purchase tickets online. He discovered that the online ticketing system would not permit disabled people to choose seating in sections according to their preference as can any other member of the public. Instead, a disabled person purchasing accessible tickets had to submit a request for "best seats available" and wait for a staff member to choose their seats for them. Meanwhile, available seating dwindled, and choices were restricted as members of the general public purchased tickets ahead of disabled patrons. The result of this discriminatory process was that Plaintiff Dizard could not purchase tickets in a location that he preferred, and was relegated to seating in an aisle, as is explained further below.

3.14    When Plaintiff Dizard arrived for the concert, he discovered that his "accessible" seat would in fact directly in an aisle way at the end of a row of seating. Because Plaintiff Dizard's wheelchair would obstruct the aisle, staff refused to permit Plaintiff Dizard to be seated

SECOND AMENDED COMPLAINT - Page 6 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

until all other patrons had been seated. This caused Plaintiff Dizard to feel distinctly that he was being treated as a second-class citizen. Throughout the concert, other patrons stumbled over and ran into Plaintiff Dizard's wheelchair as they attempted to pass through the obstructed aisle, greatly reducing Plaintiff Dizard's enjoyment of the concert and causing him constant embarrassment. Being placed in the aisle was also a threat to Mr. Dizard's safety in the event of an emergency.

3.15   Defendant City of Seattle failed to provide sufficient accessible seating to Plaintiff Dizard in violation of applicable standards under the ADA and WLAD and discriminates against him on the basis of him disability.

3.16   Plaintiff Dizard patronized McCaw Hall for the first time for the concert in question, and though he would plans to return for other concerts in the future, he does not believe that he is able to safely unless Defendants modify seating at McCaw Hall to meet applicable standards under the ADA and WLAD.

3.17   Plaintiffs allege that the seating in McCaw Hall designated for disabled patrons violates the minimum dimension requirements of § 4.33.3 of the 1991 ADA standards. For example in Section X the accessible seat width is approximately 24 inches.

## IV.   CAUSES OF ACTION

### A.   Violation of Title III of the ADA

4.1   Defendants' practices alleged herein violate Plaintiffs' rights under the ADA, and constitute discrimination on the basis of Plaintiffs' disability, in violation of the ADA.

4.2   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

SECOND AMENDED COMPLAINT - Page 7 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

4.3     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

4.4     Defendant City of Seattle operates McCaw Hall in Washington.

4.5     McCaw Hall is a place of public accommodation. 42 U.S.C. § 12181(7)(B).

4.6     Defendant Ticketmaster, LLC has contracted with the City of Seattle to sell tickets for McCaw Hall for certain events including the concert in this action.

4.7     Defendant Ticketmaster, LLC operates a website that offered presale options for purchasing tickets for McCaw Hall for certain events including the concert in this action.

4.6     At all times relevant to this action, Plaintiffs have been qualified individuals with a disability within the meaning of the ADA. 42 U.S.C. § 12102.

4.7     Defendants have discriminated against Plaintiffs on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

   a.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

   b.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of McCaw Hall to individuals with disabilities.

4.8     Defendants' discriminatory conduct has caused harm to Plaintiffs and will, unless enjoined, continue to cause harm to Plaintiffs.

SECOND AMENDED COMPLAINT - Page 8 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

4.9     Plaintiffs are entitled under the ADA to monetary damages, declaratory and injunctive relief, and reasonable costs and attorneys' fees.  42 U.S.C. § 12188, 42 U.S.C. § 12205.

**B.     Violation of the WLAD**

4.10    Defendants' practices alleged herein violate Plaintiffs' rights under the WLAD, by denying them full and equal enjoyment of the Defendants' place of public accommodation, as described herein.

4.11    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

4.12    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

4.13    The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability…is recognized as and declared to be a civil right.  This right shall include, but not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…."

4.14    McCaw Hall and the Ticketmaster ticket sales website for McCaw Hall are a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

4.15    Plaintiffs are individuals with a disability within the scope of the Washington Law Against Discrimination.

4.16    Plaintiffs are informed, believe, and thereon allege that Defendants and their agents and employees have violated and continue to violate sections 49.60.010 et seq. of the

SECOND AMENDED COMPLAINT - Page 9 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

Revised Code of Washington by unlawfully denying Plaintiffs full and equal access to McCaw Hall and for the reasons set forth above, including violating the ADA.

4.17    Plaintiffs are informed, believe, and thereon allege that Defendants and their agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiffs full and equal access to its "place of public resort, accommodation, assemblage, or amusement…"

4.18    Defendants' actions constitute discrimination against Plaintiffs and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Plaintiffs are being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendants provide.

4.19    As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer difficulty, hardship, isolation, and segregation due to Defendants' failure to remediate inaccessibility at McCaw Hall.   These failures have denied Plaintiffs the full and equal enjoyment of the events held at this venue that the Washington Law Against Discrimination requires.

4.20    Because Plaintiffs have a clear legal right to access McCaw Hall and the Ticketmaster ticket sales website for McCaw Hall, have a well-grounded fear of immediate invasion of that right, and have been injured as a result of Defendants' conduct as alleged herein, declaratory and injunctive relief are appropriate remedies.  See *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000).

4.21    Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

SECOND AMENDED COMPLAINT - Page 10 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

## V. PRAYER FOR RELIEF

Having stated their claims against Defendants, Plaintiffs pray for the following relief:

5.1  Judgment against Defendants for compensatory damages in an amount to be proven at trial;

5.2  Injunctive relief to correct the practices of the Defendants that violate the ADA and WLAD;

5.3  An award of reasonable attorneys' fees and costs incurred in bringing this action.

Dated: March 13, 2018.

COUNSEL FOR PLAINTIFFS:

**WASHINGTON CIVIL AND DISABILITY ADVOCATE**

/S/Conrad Reynoldson
Conrad Reynoldson, WSBA # 48187
4421 51st Ave NE
Seattle, WA  98105-4932
(206) 855-3134
Conrad.wacda@gmail.com

**CARNEY GILLESPIE ISITT PLLP**

/S/Christopher Carney
Christopher Carney, WSBA No. 30325
315 5th Ave S, Suite 860
Seattle, Washington 98104
(206) 445-0212
Christopher.Carney@CGILaw.com

**SECOND AMENDED COMPLAINT** - Page 11 of 11
16-CV-01455-TSZ

CARNEY GILLESPIE ISITT PLLP
315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486